

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD J. FIORELLO,

     Plaintiff,

vs.

CHROMALLOY RESEARCH AND
TECHNOLOGY, INC.,

     Defendant.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

**COMPLAINT**

# 06 CIV. 4231

# ROBINSON

RICHARD J. FIORELLO, through his counsel, Michael H. Sussman, hereby states as and for his Complaint:

## I. **PARTIES**

1. Plaintiff, Richard J. Fiorello, resides at 20 Mine Road, Monroe, New York 10950, within this judicial district.

2. Plaintiff was born on October 10, 1942 and is 63 years of age.

3. Defendant's former employer, Chromalloy Research and Technology, Inc., does business within judicial district and has offices in Orangeburg, New York with the County of Rockland and employs more than twenty persons.

## II. **JURISDICTION**

4. More than two months ago, plaintiff filed a complaint alleging that defendant violated the Age Discrimination in Employment Act, 29 U.S.C. sec. 621 when it terminated his employment on January 4, 2006.

5. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. sec.

-1-

1331, 1343(3) & (4) and 29 U.S.C. sec. 621, **et seq.**

III. **FACTUAL ALLEGATIONS**

6. At the time of his termination, plaintiff had worked as the lead quality control supervisor and as Director of Metrology for defendant for more than six years.

7. During this period of time, plaintiff's evaluations showed that he was a very strong performer for defendant company.

8. In March 2005, defendant assigned plaintiff additional quality control responsibilities.

9. In September 2005, plaintiff went on leave for 12 weeks to have, and recover from, double knee replacement.

10. During plaintiff's leave, numerous company officials, including his supervisor, contacted and visited plaintiff and advised him how important his work was to the company's success.

11. However, the day plaintiff returned to work, January 4, 2006, Brenda C. Neulen, from HR, advised him that he was being laid off because his position was being eliminated.

12. Plaintiff immediately inquired who was being assigned to do his work.

13. Neulen replied that Dennis Eamer, a man more than twenty years his junior, would assume his duties.

14. Neulen was not qualified to do some of plaintiff's most essential job functions which remained critical to defendant's operation.

15. Defendant provided plaintiff with no neutral or non-discriminatory reason for his termination and none exists.

16. In January 2006, defendant did not engage in any broad "lay off" and retained appro-

-2-

ximately 600 employees in Orangeburg.

17. Defendant was amongst the oldest individual in defendant's employ and the oldest in his division.

18. Plaintiff was better qualified to assist defendant company than younger workers who it retained.

19. By dint of its discriminatory conduct, defendant has caused plaintiff pecuniary and non-pecuniary damages.

20. Defendant's discriminatory conduct was baseless and has been justified by false and misleading statements, making warranted an award of punitive damages.

## IV. **CAUSES OF ACTION**

21. Plaintiff incorporates paras. 1-20 as if fully incorporated herein.

22. By discriminating against plaintiff on the basis of his age, defendant violated 29 U.S. C. sec. 621, **et seq.**

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction and empanel a jury to fairly hear and decide this matter;

b) award to plaintiff compensatory damages as against defendant with pre- and post-judgment interest;

c) award to plaintiff punitive damages for the malicious conduct about which plaintiff complains;

d) award to plaintiff front pay, or, in the alternative, reinstatement to his former position;

e) award to plaintiff the reasonable costs and attorneys fees associated with the prosecution of this matter and

-3-

f) enter any other relief required by law, equity and/ or the interests of justice.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN LAW OFFICES
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF